UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**EDILBERTO CACERES**  :  **CASE NO.  2:21-CV-03834**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**PRELOAD L L C**  :  **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a "Rule 12b(6) Motion to Dismiss" (Doc. 8) filed by Defendant Preload, LLC ("Preload") who moves to dismiss Plaintiff Edilberto Caceres' claims for failure to state a claims upon which relief may be granted.

## BACKGROUND

In his Petition for Damages,[1] Plaintiff alleges the following. On or about October 5, 2020, Isiad Leonel Figueroa, was employed by PRELOAD, LLC as a painter at a Water Treatment Plant in Lake Charles, Louisiana.  Mr. Figueroa's task required him to use a scaffolding constructed, maintained, and inspected by PRELOAD.

Prior to each work shift, PRELOAD was required to inspect the scaffolding and scaffolding components for visible defects. PRELOAD was required to make sure the scaffolding was constructed properly, along with backup scaffolding. PRELOAD performed an inspection prior to or on October 5, 2020, and the scaffolding was marked with a "Red Tag" which deemed the scaffold unsafe. PRELOAD knew the scaffold was constructed without outriggers and tie-offs for safety harnesses. Despite this knowledge,

---

[1] Doc. 1-2.

PRELOAD instructed Mr. Figueroa along with other co-workers, to use the scaffolding that was marked with a "Red Tag." PRELOAD instructed Mr. Figueroa and his co-workers to use the scaffold and to do their job, as the project was behind, and they were rushing to complete the job.

Mr. Figueroa was on the scaffolding to apply sealant to the side of a structure/tank. He and his co-workers were five (5) stories high on a six (6) story scaffold; two (2) co-workers on the ground began to move the scaffolding, so they could work on the next section. As the scaffolding was being moved, it collapsed. Mr. Figueroa along with several other co-workers fell about 40 feet to the concrete floor below which resulted in fatal injuries to Mr. Figueroa and severe injuries to the co-workers.

Plaintiff, Edilberto Caceres, is the biological father of Mr. Figueroa; Mr. Figueroa had no children and had not adopted anyone. Plaintiff alleges that PRELOAD's actions were intentional. Plaintiff maintains that PRELOAD knew that the resulting injuries were substantially certain to occur because PRELOAD required the employees to use the unsafe scaffold. Plaintiff seeks survival and wrongful death damages for the death of his son.

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,*

561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

PRELOAD maintains that Plaintiff's claims fail to state that Plaintiff's injuries resulted from an intentional act of his employer that is sufficient to overcome the exclusive remedy limitations of Louisiana Revised Statute 23:1032.[2] Mr. Figueroa was employed by PRELOAD and was working in the course and scope of that employment when the scaffolding collapsed beneath him resulting in a fatal injury. PRELOAD argues that

---

[2] La. R.S. 23:1032, in pertinent part, provides as follows:

> A.(1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
>
> (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
>
> * * *
>
> B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

because Mr. Figueroa was injured on the job in the course and scope of his employment, Plaintiff's sole remedy is in workers' compensation pursuant to Louisiana Revised Statute 23:1032.

"Intent" for the purposes of 23:1032, "[i]s that the person who acts either (1) consciously desires the physical result of this act whatever the likelihood of that result happening from his conduct: or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley v. Tortorich,* 397 So.2d 475, 481 (La. 1981). "Thus, intent has reference to the consequences of an act rather than to the act itself." Restatement (Second of Torts, American Law Institute § 8 (1965). "Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." Restatement (Second) of Torts, § 8A, Comment; W. Prosser, Law of Torts, § 8 (4th ed. 1971).

Plaintiff relies on the second prong in that PRELOAD knew the injury was substantially certain to occur.[3] "Substantially certain to follow" means "inevitable or incapable of failing." *Reeves v. Structural Preservation Systems,* 731 So.2d 208, 203 (La. 3/12/99). PRELOAD argues that because PRELOAD did not desire that Mr. Figueroa be injured, the lawsuit must be dismissed because Plaintiff's exclusive remedy is workers' compensation.

---

[3] Doc. 1-2, Petition for Damages, ¶ 9.

Plaintiff relies on the following to support his position that Mr. Figueroa's fatal job-related injury was the result of PRELOAD's knowledge that the result was substantially certain to follow from PRELOAD's conduct:

(1) PRELOAD constructed the subject scaffold;

(2) PRELOAD inspected the subject scaffold before the work began;

(3) PRELOAD "Red-Tagged" the scaffold (marking it as unfit for any use) before the work began;

(4) PRELOAD could see the scaffold was defective and still ordered the workers to use it;

(5) PRELOAD knew the scaffold had no outriggers for stability and still ordered the workers to use it;

(6) PRELOAD knew the scaffold had no tie-offs for safety harnesses and still ordered the workers to use it;

(7) PRELOAD knew the scaffold was built six stories high, requiring employees to work at dangerous heights;

(8) PRELOAD knew this red-tagged, defective, and unstable scaffold would be moved while workers were standing on the scaffold at dangerous heights;

(9) PRELOAD knew serious injuries would result from a scaffold collapse;

(10) PRELOAD chose not to wait for a properly built scaffold, because the project was running behind.

The issue for this Court to address is whether or not Plaintiff sufficiently alleged conduct by PRELOAD to show that the injury was substantially certain to follow. *Bazley, supra*. The Court finds that Plaintiff has sufficiently alleged conditions and violations of safety standards concerning the subject scaffold, in addition to PRELOAD's concern or

motivation, if you will, for completing the particular job to support Plaintiff's contention that there was a virtual certainty that the "accident" would occur.

The Court notes that at this juncture of the proceeding, we must consider the allegations set forth in the petition as true as well and construed in a light most favorable to Plaintiff. The Court further notes that the case PRELOAD relies upon—*Mitchell v. Exxon Corp.,* 860 F.Supp. 332 (M.D. La. 8/8/1994)—was decided on a motion to remand,[4] not a Rule 12(b)(6) motion to dismiss.

## **CONCLUSION**

Considering that this lawsuit is in its infancy, and the standard the Court must consider the 12(b)(6) motion to dismiss as set forth above, the Court will deny PRELOAD's motion to dismiss.

**THUS DONE AND SIGNED** in Chambers on this 16th day of December, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4] A motion to remand allows the parties submit summary judgment evidence and the court to consider such evidence.